UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>c/o United States Attorney's Office<br>Judiciary Center Building<br>555 4th Street, N.W.<br>Washington, D.C. 20530,<br><br>          Plaintiff,<br><br>   v.<br><br>$123,518.73 IN UNITED STATES<br>CURRENCY,<br><br>          Defendant. | Civil Action No. |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, by and through its attorney, the United States Attorney for the District of Columbia, brings this Complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims:

### NATURE OF THE ACTION

1. This is a civil action, *in rem*, brought to enforce 31 U.S.C. § 5317(c)(2) to forfeit and condemn for the use and benefit of the United States of America the following property: $123,518.73 in United States currency, for violation of 31 U.S.C. § 5324(a)(1) (Cause or Attempt to Cause Domestic Financial Institution to Fail to File a Currency Transaction Report) and 5324(a)(3) (Structuring).

## THE DEFENDANT IN REM

2. The defendant property is more fully described as:

> one hundred twenty-three thousand five hundred eighteen dollars and seventy-three cents ($123,518.73) in United States currency seized on June 12, 2007 from M & T Bank account # xxxxxx2416, held in the name of Continental Beverage, L.L.C.

3. The defendant property is under the custody and control of the United States Internal Revenue Service ("IRS").

4. Administrative forfeiture proceedings were commenced against the defendant property by the Internal Revenue Service's Baltimore Field Office and, thereafter, Ashloo Bhalla and Gurjeet Singh filed an administrative claim asserting an interest in the defendant currency.

## JURISDICTION AND VENUE

5. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, 18 U.S.C. § 984, 31 U.S.C. § 5317(c)(2) and over an action for forfeiture under 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon the filing of this Complaint, plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which plaintiff will execute upon the defendant property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

7. Venue is proper in this district by virtue of 28 U.S.C. § 1355(b)(1)(A) and § 1395(a), because the acts or omissions giving rise to the forfeiture occurred in this district and the defendant property is located with the IRS in the District of Columbia.

## BASIS FOR FORFEITURE

8. 31 U.S.C. § 5313 and 31 C.F.R. Part 103 of the Bank Secrecy Act require that any financial institution engaged with a customer in a currency transaction (i.e., a deposit or withdrawal) in excess of $10,000 must report the transaction to the IRS on FinCEN (Financial Crimes Enforcement Network) Form 104, Currency Transaction Report (CTR). 31 U.S.C. § 5324 prohibits any person from structuring any transaction for the purpose of evading the reporting requirements of a domestic financial institution.

9. District of Columbia records reveal that Continental Beverage L.L.C. d/b/a Continental Wine & Liquor is an active District of Columbia limited liability company with its business located at 1100 Vermont Avenue N.W., Washington, D.C. Continental Wine & Liquor is a convenience store which sells liquor, lottery tickets and provides check-cashing services as well as Western Union money transfers.

10. Records maintained by M&T Bank regarding business account no. xxxxxx2416, opened on December 3, 2004, held in the name Continental Beverage L.L.C. d/b/a Continental Wine & Liquor, indicate that Ashoo Bhalla, Danjeev Bhalla and Gurjeet Singh are the authorized signatories on the account.

11. Records for M&T Bank account no. xxxxxx2416 for the period September 5, 2006 through January 30, 2007, reveal thirty-one (31) cash deposits, all of which were in the exact amount of $9,500.00. The thirty-one (31) cash deposits were made on separate, but sometimes consecutive days, and none of the cash deposits for that five-month time period exceeded $10,000, which would trigger the filing of a CTR.

12. Specifically, bank records for the account reflect the following structured cash

deposits during the five-month period from September 5, 2006 through January 30, 2007:

| Date | Branch | Cash Deposits: |
|---|---|---|
| 9/5/06 | 1680 K Street N.W. | $9,500.00 |
| 9/11/06 | 1680 K Street N.W. | $9,500.00 |
| 9/12/06 | 1680 K Street N.W. | $9,500.00 |
| 9/13/06 | 1680 K Street N.W. | $9,500.00 |
| 9/14/06 | 1680 K Street N.W. | $9,500.00 |
| 9/15/06 | 1680 K Street N.W. | $9,500.00 |
| 9/18/06 | 1680 K Street N.W. | $9,500.00 |
| 9/25/06 | 1680 K Street N.W. | $9,500.00 |
| 9/26/06 | 1680 K Street N.W. | $9,500.00 |
| 10/10/06 | 1680 K Street N.W. | $9,500.00 |
| 10/11/06 | 1680 K Street N.W. | $9,500.00 |
| 10/23/06 | 1680 K Street N.W. | $9,500.00 |
| 10/24/06 | 1680 K Street N.W. | $9,500.00 |
| 11/6/06 | 1680 K Street N.W. | $9,500.00 |
| 11/8/06 | 1680 K Street N.W. | $9,500.00 |
| 11/13/06 | 1680 K Street N.W. | $9,500.00 |
| 11/27/06 | 1680 K Street N.W. | $9,500.00 |
| 12/4/06 | 1680 K Street N.W. | $9,500.00 |
| 12/5/06 | 1680 K Street N.W. | $9,500.00 |
| 12/11/06 | 1680 K Street N.W. | $9,500.00 |
| 12/12/06 | 1680 K Street N.W. | $9,500.00 |
| 12/18/06 | 1680 K Street N.W. | $9,500.00 |
| 12/19/06 | 1680 K Street N.W. | $9,500.00 |
| 12/20/06 | 1680 K Street N.W. | $9,500.00 |
| 1/2/07 | 1680 K Street N.W. | $9,500.00 |
| 1/16/07 | 1680 K Street N.W. | $9,500.00 |
| 1/17/07 | 1680 K Street N.W. | $9,500.00 |
| 1/22/07 | 1680 K Street N.W. | $9,500.00 |
| 1/23/07 | 1680 K Street N.W. | $9,500.00 |
| 1/26/07 | 1680 K Street N.W. | $9,500.00 |
| 1/30/07 | 1680 K Street N.W. | $9,500.00 |
|  |  | $294,500.00 total |

13. Between September 5, 2006 and Janaury 30, 2007, thirty-one (31) separate cash deposits totaling $294,500.00 were made into the account. On at least thirteen (13) occasions, deposits of amounts under the $10,000 threshold were made on consecutive days, which,

aggregated, would have exceeded $10,000.00. All of the cash deposits were made in the same amount, $9,500.00, a round-number amount under $10,000.00.

14. It is unlikely that over a five-month period, legitimate business reasons would cause 31 out of 31 cash deposits to be exactly $9,500.00. Rather, there is reasonable cause to believe that cash sums of more than $10,000 were broken into smaller cash deposits to evade reporting requirements. The fact that thirteen of the cash deposits were made on consecutive days in amounts under $10,000.00 individually, but totaling more than $10,000.00 when aggregated, further supports the conclusion that the cash transactions were structured to evade reporting requirements.

15. On or about June 12, 2007, the defendant currency was seized from M&T Bank at the branch located at 1680 K Street N.W., Washington, D.C., pursuant to the execution of a federal seizure warrant issued in the District of Columbia.

16. Subsequent to the seizure of the defendant currency, Gurjeet Singh ("Mr. Singh") was interviewed by law enforcement. Mr. Singh is an owner of Continental Beverage L.L.C. During the interview, Mr. Singh stated that he reviewed the cash deposits which had been prepared by an employee, "I.R.," and taken to M&T Bank by another employee, "J.R."

17. When questioned about CTRs, Mr. Singh advised that he was aware of bank reporting requirements for cash deposits over $10,000.00 because a Western Union agent told him about CTRs previously. Mr. Singh stated he could not remember who came up with the figure of $9,500.00 for the deposits, but admitted that the business intentionally kept the cash deposits to the M&T Bank account under the $10,000.00 so that the CTR form would not have to be filled out.

18. 18 U.S.C. § 984, allows the United States to seize for civil forfeiture identical property found in the same place where the "guilty" property had been kept. Under 18 U.S.C. § 984(b), therefore, the monies seized from M & T Bank account no. xxxxxx2416 need not have been the particular monies involved in structuring, so long as the funds that were structured were on deposit in that same account within one year of the seizure. In this instance, the first structured deposit relating to the seizure took place on September 5, 2006.

19. The amount of money that can be forfeited is equal to the amount in the account that is traceable to or fungible with the structured cash deposits totaling $294,500. In this case, the United States seized $123,518.73 from M&T Bank account no. xxxxxx2416

20. By reason of the foregoing, the defendant money constitutes property involved in transactions or attempted transactions conducted in violation of 31 U.S.C. § 5324(a), or constitutes property traceable to such property, or constitutes property fungible with such property, and is therefore forfeitable to the United States pursuant to 31 U.S.C. § 5317(c)(2) and 18 U.S.C. § 984.

## COUNT I

21. All statements and averments made in paragraphs 1-20 are re-alleged and incorporated herein by reference.

22. The defendant currency constitutes property involved in a transaction or attempted transaction in violation of 31 U.S.C. § 5324 and/or is property traceable to such property.

23. As such, the defendant property is subject to condemnation and forfeiture to the United States for its use, in accordance with the provisions of 31 U.S.C. § 5317(c)(2).

**WHEREFORE**, the United States of America prays that, as to the defendant funds,

process of warrant issue for the arrest of those funds; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the defendant property be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursement of this action.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR D.C. Bar No. 498610
UNITED STATES ATTORNEY

/s/
WILLIAM R. COWDEN D.C. Bar No. 426301
Assistant United States Attorney

/s/
DIANE G. LUCAS D.C. Bar No. 443610
Assistant United States Attorney
555 4th Street, N.W., Room 4822
Washington, D.C. 20530
(202) 514-7912

## VERIFICATION

I, Christine M. Morrison, Special Agent with the United States Internal Revenue Service, hereby verify and declare under penalty of perjury that I have read the foregoing Verified Complaint *in rem* and know the contents thereof, and that the factual representations contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

Executed on this __19__ day of September, 2007.

_/s/_ __C. Morrison__
Christine M. Morrison
United States Internal Revenue Service

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS<br><br>United States of America<br><br>(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | DEFENDANTS   $123,518.73 dollars<br>One-Hundred Twenty-Three Thousand Five-Hundred Eighteen and seventy-three cents in U.S. Currency<br>COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Diane G. Lucas<br>Assistant U.S. Attorney, 555 4th St., NW<br>Washington, D.C 20530 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ A. *Antitrust*<br><br>☐ 410 Antitrust | ☐ B. *Personal Injury/ Malpractice*<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ C. *Administrative Agency Review*<br>☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | ☐ D. *Temporary Restraining Order/Preliminary Injunction*<br><br>Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |
|---|---|---|---|

## ☐ E. *General Civil (Other)*   OR   ☐ F. *Pro Se General Civil*

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>[X] 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |
|---|---|---|---|

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

31 U.S.C. Section 5324(a)(1) and 5324(a)(3) - Structuring

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

**DATE** 9/19/07   **SIGNATURE OF ATTORNEY OF RECORD** *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.