UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 07-CV-1658 (PLF) |
| | : | |
| $123,518.73 IN UNITED STATES CURRENCY, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**JOINT STATEMENT OF RESULTS OF RULE 16.3 CONFERENCE**

To comply with this Court's order of November 13, 2007, and LCvR 16.3, counsel for plaintiff and counsel for claimant met on November 14, 2007, and conferred about this civil action in anticipation of the scheduling conference now set before this Court for 9:15 a.m., on December 4, 2007. As a result, plaintiff respectfully submits the following:

I.      This is a civil forfeiture action brought *in rem* against funds seized from a bank account in June 2007. Plaintiff, the United States of America, seeks an order declaring that the defendant funds are forfeited to the United States government. Plaintiff has brought this action under 31 U.S.C. § 5317(c)(2) and 31 U.S.C. § 5324, which permit forfeiture to the government of property involved in a transaction or attempted transaction involved in the offense of structuring transactions to evade financial institutions reporting requirements. Through counsel, Ashoo Bhalla and Gurjeet Singh have filed claims to the defendant funds and seek to oppose their forfeiture to the government. Plaintiff and claimants are the only parties before the Court in this matter, and plaintiff does not expect any other party to join this case.

II.     **Plaintiff's Statement of the Case**: Plaintiff asserts that it is entitled to forfeiture because

the defendant property, $123,518.73 in U.S. currency, is property involved in monetary transactions structured to evade reporting requirements. Plaintiff alleges that from September 5, 2006, through January 30, 2007, cash in the exact amount of $9,500.00, totaling $294,500.00, was deposited thirty-one separate times into a M&T Bank account #xxxxxx2416, held in the name of Continental Beverage L.L.C., d/b/a Continental Wine & Liquor. Continental Wine & Liquor operates from 1100 Vermont Avenue N.W., Washington, D.C. On June 12, 2007, the defendant currency was seized pursuant to the execution of a federal seizure warrant issued in the District of Columbia. Subsequent to the seizure, law enforcement agents interviewed claimant Gurjeet Singh. Mr. Singh said he reviewed the cash deposits that an employee took to the bank. He stated that he was aware of the reporting requirement for cash deposits over $10,000.00 and that the cash deposits were kept below $10,000.00 so that the employee would not have to fill out a reporting form (Currency Transaction Report or "CTR"). In other words, Mr. Singh said deposits were structured to evade reporting requirements.

**Claimant's Statement of the Case**: Claimants deny that they had knowledge of the CTR reporting requirement or that they intended to evade the reporting requirement by structuring cash deposits to fall below $10,000.00.

III.   **Procedural Status**: Plaintiff filed this action on September 19, 2007, and Ashoo Bhalla and Gurjeet Singh filed a Verified Claim and Answer on November 6, 2007. On November 13, 2007, this Court ordered the parties to file this Joint Report pursuant to Local Rule 16.3 by November 27, 2007, and set a scheduling conference before it on December 4, 2007, at 9:15 a.m. Plaintiff anticipates filing a dispositive motion before the end of discovery.

IV.   The following information is provided consistent with Local Civil Rule 16.3(c):

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

> **Plaintiff anticipates filing a dispositive motion prior to the conclusion of discovery. If Plaintiff files a dispositive motion before or during discovery, the Plaintiff will request a stay of discovery until a decision is reached on the motion. In Claimants' counsel's view, it is unlikely that the case can be disposed of by motion. If a dispositive motion is filed post-discovery, the parties agree to the schedule proposed in ¶ 6.**

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

> **The parties do not anticipate joining other parties or amending the pleadings. If there is a need to join other parties or amend the pleadings, the parties will do so within 60 days of this report. The parties will try to narrow the factual and legal issues.**

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

> **The parties do not consent to assignment of the case to a Magistrate Judge.**

(4) Whether there is a realistic possibility of settling the case.

> **Plaintiff believes there is some possibility of settlement. In Claimants' counsel's view, it is unlikely that there is a realistic possibility of settlement**.

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

> **In light of counsels' view in response to item 4, no ADR procedure is appropriate at this time.**

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

> **Plaintiff anticipates filing a motion for summary judgment.**

> **Claimants do not believe that the case can be disposed of by motion.**

> **The parties agree, however, that if any post-discovery dispositive motion is filed, it should be filed within 45 days after the close of discovery; that the opposing party should have 30 days thereafter in which to file an Opposition; and that the moving party should have 15 days to file a Reply.**

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and whether any changes should be made in the scope, form or timing of these disclosures.

> **Plaintiff submits that with the recent (December 2006) amendments to the Federal Rules, initial disclosures under Fed. R. Civ. P. 26(a)(1) are inapplicable to civil forfeiture cases. Moreover, such cases are governed by Rule G of the Federal Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which Rule also took effect on December 1, 2006. Regardless, plaintiff would agree to stipulate to dispense with such initial disclosures.**

> **Claimants do not consent to elimination of initial disclosures as required by Fed. R. Civ. P. 26(a)(1).**

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

> **The parties agree that discovery shall be completed by April 1, 2008, followed by the motion schedule proposed in ¶ 6, unless a dispositive motion is filed prior to or during discovery. At this time, the parties do not believe any other limits need to be placed on discovery or that there is any need for a protective order.**

(9) Whether the requirements of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions should occur.

> **The parties believe that the requirement of exchange of expert witness reports and information should be pursuant to Fed. R. Civ. P. 26(a)(2).**

(10) Class Actions

> **The parties believe that there are no class issues in this case.**

(11) Bifurcation of discovery or trial.

> **The parties do not see a need to bifurcate discovery or trial.**

(12) The date for the pre-trial conference.

> **The parties propose that a pretrial conference be held, if necessary, 30 days after a decision on all post-discovery dispositive motions**, **or, if no dispositive motions are filed, after the close of discovery.**

(13) Setting Trial date at first scheduling conference or at pretrial conference..

> **The parties recommend that the Court set a trial date at the pretrial conference.**

(14) Any other matters to be included in a scheduling order.

> **The parties do not believe that there is any other matter not addressed above that should be included in a proposed Scheduling Order, which is attached.**

                                      Respectfully submitted,

| /s/ | /s/ |
|---|---|
| GINA M. SMITH | JEFFREY A. TAYLOR |
| DC Bar #449353 | United States Attorney |
| | DC Bar #498610 |

| /s/ | /s/ |
|---|---|
| DOUGLAS C. MEISTER | WILLIAM R. COWDEN |
| *Pro Hac Vice* Appearance | Assistant United States Attorney |
| 6801 Kenilworth Avenue | DC Bar #426301 |
| Suite 400 | |
| Riverdale Park, MD 20737 | |
| (301) 699-5800 | /s/ |
| Counsel for Claimants | DIANE G. LUCAS |
| | Assistant United States Attorney |
| | DC Bar #443610 |
| | 555 4th Street N.W. |
| | Washington, DC 20530 |
| | (202) 514-7912 |
| | Diane.Lucas@usdoj.gov |
| | Counsel for Plaintiff United States |

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that, this JOINT STATEMENT OF RESULTS OF RULE 16.3 CONFERENCE, was filed with the consent of counsel for the Claimants and transmitted through this Court's ECF system upon filing with the Court, and that this occurred on the _____ day of November, 2007.

                                                                                                     _____
                                                                                                     Diane G. Lucas
                                                                                                     Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 07-CV-1658 (PLF) |
| **$123,518.73 IN UNITED STATES CURRENCY,** | : | |
| Defendant. | : | |

**INITIAL SCHEDULING ORDER**

Pursuant to this Court's order of November 13, 2007, setting Initial Scheduling Conference, initial disclosures under Fed. R. Civ. P. 26 are applicable/inapplicable to this case. The parties may use methods of discovery in any sequence in accordance with Fed. R. Civ. P. 26(d). A party's Rule 26(a)(2) statements will be (A) due as provided in the rule; OR, (B) due within 60 days of start of discovery, and an opponent's Rule 26(a)(2) statements will be due within 90 days of start of discovery. The parties shall have until April 1, 2008 to complete discovery. Dispositive motions, if any, shall be filed within 45 days of the close of discovery, Oppositions shall be filed within 30 days thereafter and any Reply shall be filed within 15 days thereafter.

A trial will be scheduled at the pretrial conference which will be held approximately 30

days, if necessary, after the issuance of the Court's ruling on dispositive motions or, if no dispositive motions are filed, after the close of discovery.

      SO ORDERED.

_____      _____
Dated      PAUL L. FRIEDMAN
      United States District Judge