IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States of America | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case No.: 07-1658 (PLF) |
| | * | |
| $123,518.73 | * | |
| | * | |
| Defendant | * | |
| | * | |
| Ashoo Bhalla & | * | |
| Gurjeet Singh | * | |
| | * | |
| Claimants | * | |

## MEMORANDUM OF LAW WITH POINTS AND AUTHORITIES IN SUPPORT OF THE OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT

Ashoo Bhalla and Gurjeet Singh ("Bhalla" and "Singh" respectively, collectively "Claimants") by and through their undersigned attorneys, submit this memorandum of law in support of their opposition to the Plaintiff's motion for summary judgment, and state:

### FACTS

Claimants accept the factual allegations as made in the Statement of Material Facts as to Which There is No Genuine Dispute filed by Plaintiff except as noted in the accompanying Statement Of Contested Material Facts.

### LEGAL STANDARD

Summary judgment should only be rendered when a party is unable to show a genuine issue as to a material fact and judgment is otherwise appropriate as a matter of law.

1

Celotex Corp. v. Catrett, 477 U.S. 317 (1986). A genuine issue exists where the evidence before the Court is of such a nature that a rational factfinder could find in favor or the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-252 (1986). A fact is material if it might affect the outcome of the case. *Id.* The evidence presented by the non-moving party is to be believed as true, all doubts resolved against the moving party, all evidence construed in the light most favorable to the non-moving party, and all reasonable inferences will be drawn in the non-moving party's favor. *Id.* at 255. Where the matter at issue involves a person's state of mind, summary judgment is rarely appropriate. Graham v. Long Island R.R., 230 F.3d 34, 38 (2nd Cir., 2000) (summary judgment is used sparingly where intent and state of mind are implicated).

## ARGUMENT

Federal law requires banks and other financial institutions to file a currency transaction report (CTR) with the Secretary of the Treasury for any cash transaction exceeding $10,000. 31 U.S.C. § 5313. A related provision forbids structuring a transaction for the purpose of evading the reporting requirements for CTRs. 31 U.S.C. § 5324 (1994). These statutes were designed to help prevent money laundering, drug smuggling, and tax evasion. U.S. v. Bajakajian, 524 US 321, 338 (1998).

The three elements which must be proven for an alleged violation of 31 U.S.C. § 5324 are: (1) the defendant must, in fact, have engaged in acts of structuring; (2) he must have done so with knowledge that the financial institutions involved were legally obligated to report currency transactions in excess of $10,000; and (3) he must have acted with the intent to evade this reporting requirement. U.S. v. MacPherson, 424 F.3d 183, 189 (2nd Cir., 2005).

In this case, the Claimants readily acknowledge that the deposits to Continental Beverage LLC's ("Continental") bank accounts were structured to serve their business interests. They have done so since at least January 2004. See affidavit of Gurjeet Singh attached hereto as Exhibit 1. By itself, such structuring poses no violation. "Courts have noted many occasions on which persons, without violating any law, may structure transactions in order to avoid the impact of some regulation or tax." Ratzlaf v. U.S., 510 U.S. 135, 145 (1994) (quotations omitted).

What Claimants deny are the second and third prongs of the MacPherson test: that they had knowledge of the requirement to file a CTR when making deposits of $10,000 or more, and purposefully acted to evade that requirement. Plaintiff alleges that Gurjeet Singh, an owner and employee of Continental, had both the requisite knowledge and acted purposefully to evade the requirement. *See* affidavit of Christine Morrison attached to the Motion for Summary Judgment.

Claimants flatly deny those allegations. Gurjeet Singh denies that he knew of a requirement to file CTR's for cash deposits of $10,000 or more, and likewise, that he purposefully structured the deposits to evade that requirement. *See* Exhibit 1. Moreover, Gurjeet Singh did not institute the practice of depositing amounts of $9,500, nor did he know why that amount was selected. *See* Exhibit 1. Accordingly, as these contested facts go to the very essence of the alleged violation of 31 U.S.C. § 5324, they are material facts which are genuinely in dispute. Since there are genuinely disputed issues of material fact, summary judgment is not proper and the motion for summary judgment must be denied.

Even assuming, *arguendo*, that the Court might find the Plaintiff was entitled to summary judgment, Plaintiff's proposed remedy, forfeiture of $123,518.73, is grossly disproportionate to the alleged conduct. The Supreme Court has held that "a punitive forfeiture violates the Excessive Fines Clause [of the Constitution] if it is grossly disproportional to the gravity of a

defendant's offense." Bajakajian, *supra* at 334. The Fourth Circuit has held that Bajakajian's "grossly proportional analysis applies when determining whether any punitive forfeiture – civil or criminal – is excessive." U.S. v. Ahmad, 213 F.3d 805 (2000). Finally, 18 U.S.C. § 983(g) allows Claimants to petition, and Claimants hereby do so petition, the Court for a hearing to determine whether the forfeiture is excessive.

The underlying purpose behind 31 U.S.C. § 5324 is to prevent criminal activity. Bajakajian, *supra*. In this case there is not the slightest allegation that the defendant $123,518.73 was in any manner connected to criminal activity, or that Continental, or the Claimants, were in any manner involved in criminal activity. The statute is solely an administrative reporting requirement. Moreover, the information itself was merely that innocent, lawful activity – depositing the business' cash receipts to the bank – was undertaken. The lack of such information in no manner prejudiced the government. There is no fraud involved or loss to the public treasury. The amount of forfeiture allowed by 31 U.S.C. § 5317 is at most only incidentally related to the "harm" of depriving the government of the information it seeks. U.S. v. Dean, 87 F.3d 1212 (1996). Nor is the forfeiture calculated to reimburse the costs of investigating and seizing the funds. *Id.* As is widely understood, the purpose of the forfeiture is punishment. *Id.*

Should the Court consider further punishment is merited in this case, it should be noted just what the seizure has already irrevocably effected. The $123,518.73 was Continental's <u>entire</u> bank account. See Plaintiff's Statement of Material Facts As To Which There Is No Genuine Dispute paragraphs 1 and 2. The loss of those funds has forced the closure of an honest, hard working small business. *See* Exhibit 1. It has put three persons out of work. Id. It has destroyed eighteen years of Singh's accumulated investment. Id. A further $123,518.73 is

4

grossly excessive punishment. No further forfeiture punishment is warranted. *Cf.* Dean, *supra* ($5,000 forfeiture of $140,000 seizure warranted).

Finally, pursuant to 18 U.S.C. § 983(d), Bhalla claims an innocent owners defense as to her percentage ownership interest in Continental regarding the seized amount. The only person who Plaintiff alleges was involved in structuring to avoid filing a CTR is Singh. Bhalla is not alleged to have knowledge of Singh's alleged action to avoid filing CTR's, nor alleged to have any reason to presume Singh would so act. She is an innocent owner whose interest in the property is exempt pursuant to 18 U.S.C. § 983(d).

WHEREFORE, the Claimants respectfully request that the Motion for Summary Judgment be denied, or in the alternative if summary judgment is granted in part, for a hearing to determine whether the forfeiture is disproportionate and for exemption and return of Bhalla's percentage ownership interest in the defendant $123,518.73.

        Respectfully,

        MEYERS, RODBELL
        & ROSENBAUM, P.A.

        //s//
        Gina M. Smith, Bar #449353

        //s//
        Douglas C. Meister
        6801 Kenilworth Ave., Suite 400
        Riverdale, Maryland 20737
        Tel 301-699-5800

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America | * |
| | * |
|     Plaintiff | * |
| | * |
| v. | *   Case No.: 07-1658 (PLF) |
| | * |
| $123,518.73 | * |
| | * |
|     Defendant | * |
| | * |
| Ashoo Bhalla & | * |
| Gurjeet Singh | * |
| | * |
|     Claimants | * |

**OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT**

    Ashoo Bhalla and Gurjeet Singh ("Bhalla," "Singh" or, collectively, Claimants), by and through their attorneys Gina M. Smith, Douglas C. Meister and Meyers, Rodbell & Rosenbaum, P.A., hereby oppose the motion for summary judgment filed by the plaintiff, and in support state:

    1.    There is a genuine dispute of material fact that the claimant Singh did not structure cash deposits to Continental Beverage, LLC's bank account to avoid filing a currency transaction report.

    2.    In further support of this Opposition, Claimants rely upon the attached Memorandum of Law with Points and Authorities and the Affidavit of Gurjeet Singh, which are incorporated herein by reference.

    WHEREFORE, Claimants respectfully request this Court deny Plaintiff's Motion for Summary Judgment.

Respectfully,

MEYERS, RODBELL
& ROSENBAUM, P.A.

//s//
_____
Gina M. Smith, Bar #449353

//s//
_____
Douglas C. Meister
6801 Kenilworth Ave., Suite 400
Riverdale, Maryland 20737
Tel 301-699-5800
Fax 301-779-5746
Email: dmeister@mrrlaw.net

Certificate of Service

**I HEREBY CERTIFY** that on this 11th day of January, 2008, a copy of the foregoing Opposition to Motion for Summary Judgment, Memorandum of Law with Points and Authorities, Affidavit of Gurjeet Singh, Statement of Contested Material Facts, and Proposed Order were served by means of the Court's ECF system on plaintiff's counsel:

Jeffrey A. Taylor
William R. Cowden
Diane G. Lucas
Judiciary Center Bldg.
555 Fourth St., NW, 4th Floor
Washington DC 20530

//s//_____
Douglas C. Meister

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States of America | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case No.: 07-1658 (PLF) |
| | * | |
| $123,518.73 | * | |
| | * | |
| Defendant | * | |
| | * | |
| Ashoo Bhalla & | * | |
| Gurjeet Singh | * | |
| | * | |
| Claimants | * | |

**Affidavit of Gurjeet Singh**

I, Gurjeet Singh, state that I am over the age of 18 years, am competent to testify to the matters stated herein and have personal knowledge of the following matters:

1. In January 2004 I became a 23% owner, and was one of two managers, of Continental Beverage, LLC ("Continental"), doing business as a liquor store, check cashing, lottery and money transmission for Western Union, located at 1100 Vermont Avenue NW, Washington DC.

2. From January 2004 until the fall of 2006 it was our business practice to make a bank deposit when $8,500.00 in cash had accumulated. There was no particular reason for choosing this amount other than that it was a round number we were comfortable with, and we were not then comfortable with keeping a higher amount at the business or carrying a larger

amount to the bank. Having a set amount was also useful because it was immediately recognizable when reviewing the business' accounts, and it also clearly indicated the full deposit had been properly delivered to the bank by our messenger.

3. Until sometime in, I believe, the year 2006, I had never been informed about, or knew anything about, a Currency Transaction Report ("CTR"). At some time in that year a representative from Western Union came to Continental and explained to me that if the same customer made a $10,000 or more transaction in the same day, Western Union would send us a CTR for us to sign and send to the address listed on it. I was the only person at Continental to whom the Western Union representative explained this.

4. I never discussed CTR's with any other person at Continental. To my knowledge and belief, no other employees of Continental had, or have, any knowledge regarding CTR's.

5. I remember receiving one CTR from Western Union that I signed and sent out, though I do not remember any single customer making a $10,000 or more money transmission. I do not remember when Western Union sent us the CTR.

6. The Western Union agent never informed me that Continental must file a CTR if we deposited $10,000 or more in cash with our bank.

7. I was never informed by any other person, specifically including any person or agent from any bank with which Continental or I did business, that a CTR must be filed if we deposited $10,000 or more in cash with our bank.

8. Until the government's seizure of Continental's bank account I had no knowledge that a CTR must be filed if we deposited $10,000 or more to our bank.

9. I had no knowledge until after the government's seizure of our account that our

employee messenger, Jose R.[1], once signed a CTR when he deposited more than $10,000 to our lottery account at the Bank of America.

10. To my knowledge, Jose R. cannot read or write the English language, and he speaks English very poorly.

11. It would have been very rare for Continental's lottery deposit to even approach $10,000, much less equal or exceed that amount.

12. Until the fall of 2006, it was our usual business practice that when $8,500 in cash had accumulated, Isaac R.[2], the morning manager, would fill out deposit slips and send our messenger, Jose R., to the bank with the deposit slips and cash to the bank for deposit. Jose R. did not fill out the deposit slips because he could not read or write English. When I came to work in the afternoon I would review the deposit accounts.

13. On infrequent occasions I would personally fill out a deposit slip and make a deposit at the bank, but this was rare because I was usually alone at the business and could not close the store to make a deposit.

14. Sometime in the fall of 2006 I noticed that the amount of the deposits had been increased to a regular amount of $9,500. At the time I was unaware of who had made that decision, or why. However, I was comfortable with that amount and acquiesced without comment.

15. I did not select the new deposit amount of $9,500 as the amount to be regularly deposited into Continental's bank account.

16. I did not select the amount of $9,500 (or the prior amount of $8,500) to avoid filing a CTR, because I did not know a CTR must be filed for our business deposits if they were

---

[1] The full name is withheld for privacy reasons.
[2] The full name is withheld for privacy reasons.

$10,000 or more.

17. I did not withhold cash from being deposited to avoid filing a CTR.

18. At the time the government's agents came to interview me in June 2007 I originally thought they were responding to a complaint from M&T bank about our account. M&T was closing our account because Continental did not have a license for check cashing.

19. The consequence of the seizure of Continental's bank account was to force the immediate, complete and permanent closure of the business, loss of employment for Singh, Isaac R. and Jose R., and loss of eighteen years worth of Singh's investment.

Signature Page Follows

**I DO SOLEMNLY DECLARE AND AFFIRM,** under penalty and perjury, that the foregoing information is true.

Signature: _____  01/09/08.
                                    date

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States of America | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case No.: 07-1658 (PLF) |
| | * | |
| $123,518.73 | * | |
| | * | |
| Defendant | * | |
| | * | |
| Ashoo Bhalla & | * | |
| Gurjeet Singh | * | |
| | * | |
| Claimants | * | |

STATEMENT OF CONTESTED MATERIAL FACTS

Pursuant to Local Rule 7(h), Claimants Ashoo Bhalla and Gurjeet Singh provide the following statement regarding material facts that are genuinely in dispute:

1. Gurjeet Singh denies the allegation in paragraph 9 of the Plaintiff's "Statement of Material Facts As To Which There Is No Genuine Dispute" that Gurjeet Singh ran the business almost entirely by himself. Gurjeet Singh ran the business in conjunction with employees Isaac R. and Jose R. Gurjeet Singh and Isaac R. alternated their time on the premises serving as managers.

2. Gurjeet Singh denies the allegation in paragraph 15 of the Plaintiff's "Statement of Material Facts As To Which There Is No Genuine Dispute." Gurjeet Singh did <u>not</u> know that if an amount of $10,000 or more was deposited into the bank account of Continental Beverage, LLC ("Continental") in a single transaction a written Currency Transaction Report ("CTR") was required to be filed.

3. Gurjeet Singh denies the allegation in paragraph 16 of the Plaintiff's "Statement of Material Facts As To Which There Is No Genuine Dispute." Gurjeet Singh did not ensure cash deposits to Continental's bank account were less than $10,000 with the purpose of avoiding filing a CTR.

4. Gurjeet Singh denies the allegation in paragraph 18 of the Plaintiff's "Statement of Material Facts As To Which There Is No Genuine Dispute." Gurjeet Singh did not withhold cash from deposits to avoid filing a CTR.

5. Gurjeet Singh denies the allegation in Plaintiff's Memorandum that Gurjeet Singh "deliberately structured cash deposits into Continental Beverage's M&T Bank account in order to avoid causing a CTR to be filed. He did so to save time...." Gurjeet Singh did not structure the deposits to avoid filing a CTR to save time.

Respectfully,

MEYERS, RODBELL
& ROSENBAUM, P.A.


//s//
Gina M. Smith, Bar #449353

//s//
Douglas C. Meister
6801 Kenilworth Ave., Suite 400
Riverdale, Maryland 20737

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States of America | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case No.: 07-1658 (PLF) |
| | * | |
| $123,518.73 | * | |
| | * | |
| Defendant | * | |
| | * | |
| Ashoo Bhalla & | * | |
| Gurjeet Singh | * | |
| | * | |
| Claimants | * | |

## ORDER

On this ____ day of _____, 2008, on consideration of the Plaintiff's Motion for Summary Judgment, the Defendant's Opposition thereto, and their respective affidavits and attachments, and for good cause shown, it is hereby,

**ORDERED**, that there being a genuine dispute of material facts in this matter to be determined, the Motion for Summary Judgment filed by the United States of America is hereby **DENIED**.

_____
Paul L. Friedman, Judge, United States
District Court for the District of Columbia