## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

United States of America     *

        Plaintiff        *

v.                         *       Case No.: 07-1658 (PLF)

$123,518.73           *

        Defendant      *

_____ *

Ashoo Bhalla &         *
Gurjeet Singh          *

        Claimants       *

---

## SUR-REPLY TO PLAINTIFF'S REPLY TO OPPOSITION TO
## MOTION FOR SUMMARY JUDGMENT

Ashoo Bhalla and Gurjeet Singh ("Bhalla," "Singh" or, collectively, Claimants),

by and through their attorneys Gina M. Smith, Douglas C. Meister and Meyers, Rodbell

& Rosenbaum, P.A., respond to the allegations in Plaintiff's Reply to Opposition to

Motion for Summary Judgment, and state:

       1.      Plaintiff repeatedly asserts in its Reply to the Opposition to Plaintiff's

Motion for Summary Judgment ("Reply") that the statements drawn from Special Agent

Morrison's affidavit are "Mr. Singh's" statements. This is incorrect. They are obviously

not Mr. Singh's statements, they are Ms. Morrison's statements about her recollection of

a prior interrogation she conducted on Mr. Singh.

       2.      Plaintiff acknowledges in its Reply that the affidavit of Mr. Singh

accompanying Claimants' Opposition to the Motion for Summary Judgment sets forth

"inconsistent" issues of fact between the Morrison affidavit and the Singh affidavit. See Plaintiff's Reply at 5.

3.     Plaintiff argues these are not *genuine* issues of fact because they contradict Mr. Singh's earlier statements. Id. at 4. As just discussed, these are not Mr. Singh's statements, they are Ms. Morrison's statements.

4.     Mr. Singh stands by the facts as set forth in his affidavit.

5.     In support of its arguments, Plaintiff cites to Cook v. Babbit, 819 F. Supp. 1, 21 (D.D.C. 1993) and Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361 (8th Cir. 1983). These cases are inapposite to this issue because they involve a party recanting or contradicting his or her own prior statements. Indeed, Babbit expressly states that "[r]esolving testimonial inconsistencies between different witnesses is far different from acknowledging … the effect of a prior self-contradiction…." 819 F. Supp. at 21.

6.     In this case, Mr. Singh is not contradicting his own statement of facts, he contradicts Ms. Morrison's statement of the facts. These are different witnesses in factual dispute.

WHEREFORE, there are genuine issues of material fact in dispute in this matter, and therefore, summary judgment must be denied.

Respectfully,

MEYERS, RODBELL
& ROSENBAUM, P.A.

//s//_____
Gina M. Smith, Bar #449353

//s//_____
Douglas C. Meister
6801 Kenilworth Ave., Suite 400
Riverdale, Maryland 20737
Tel 301-699-5800
Fax 301-779-5746
Email: dmeister@mrrlaw.net

Certificate of Service

**I HEREBY CERTIFY** that on this 25th day of January, 2008, a copy of the foregoing Sur-Reply to Plaintiff's Reply To Opposition To Motion For Summary Judgment was served by means of the Court's ECF system on plaintiff's counsel:

Jeffrey A. Taylor
William R. Cowden
Diane G. Lucas
Judiciary Center Bldg.
555 Fourth St., NW, 4th Floor
Washington DC 20530

//s//_____
Douglas C. Meister